528 A.2d 688

In Re: Condemnation of Lands and Property of the Estate of Mary Walleck, Deceased.

In Re: Condemnation of Lands and Property of Sylvia Y. Cernava and John M. Cernava, Brother and Sister, as Joint Tenants With Right of Survivorship and Not as Tenants in Common.

Redevelopment Authority of the County of Washington, Appellant.

Argued May 19, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Frank A. Conte,* for appellant.

*Jeffrey P. Derrico,* with him, *Gaylord W. Greenlee, Greenlee, Derrico, Posa, Harrington & Rodgers,* for appellee, William Hill.

OPINION BY SENIOR JUDGE KALISH, July 14, 1987:

Appellant, Redevelopment Authority of Washington County, appeals an order of the Court of Common Pleas

of Washington County which denied its motion for post trial relief. We affirm.

In September and October of 1983, appellant filed declarations of taking against two adjacent parcels of real estate, the first being owned by the estate of Mary Walleck and the second being owned by Sylvia Y. Cernava and John M. Cernava. Appellee, William Hill, occupied the first floor storerooms of both properties as a tenant and used the space for his business of buying, selling and repairing new and used appliances and other household items.

Upon the filing of a petition by appellee to determine whether he had a right to damages pursuant to section 601-A of the Eminent Domain Code (Code),[1] a Board of View was appointed. The Board of View found that appellee was entitled to payment for direct loss of personal property but denied his claim for loss of patronage.

On appeal to the trial court, the parties stipulated to liquidated damages of $14,000 if appellee were to prevail. The only issue before the trial court, and before us today, is whether appellee was engaged in a lawful business activity on the condemned premises, thereby having a compensable interest.

Section 601-A of the Code provides for damages for persons displaced from their place of business. Section 201(7) of the Code, 26 P.S. §1-201(7), defines business as "any lawful activity, excepting a farm operation, conducted primarily: (1) for the purchase, sale, lease or rental of personal or real property, or for the manufacture, processing or marketing of products, commodities, or any other personal property. . . ." Appellant contends that appellee is not entitled to damages because he was

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-601-A.

not engaged in a lawful business since he did not pay federal, state or local taxes, and failed to renew his mercantile license.

The trial court found that appellee was engaged in a reputable business operation. There was no evidence in the record to indicate that any of the items purchased or sold by appellee were stolen merchandise or that there was any kind of illegal activity taking place on the premises.

As the trial court indicated, appellant is not authorized by law to engage in the enforcement of tax or licensing laws of local, state and federal governments. It is empowered to acquire private property for public purposes, and in doing so it is required to compensate those whose property is taken.

Accordingly, the order of the trial court is affirmed.

ORDER

NOW, July 14, 1987, the order of the Court of Common Pleas of Washington County, dated August 15, 1986, is affirmed.